Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial[1]

| | | |
|---|---|---|
| DEREK L. CRUZ RODRÍGUEZ<br>Peticionario<br><br>v.<br><br>GARAGE ISLA VERDE LLC *ET ALS*<br>Recurridos | TA2026CE00472 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. PO2021cv02846<br><br>Sobre: Negligencia, Daños y Perjuicios y Cobro de Dinero |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de mayo de 2026.

Comparece el señor Derek Cruz Rodríguez (señor Cruz Rodríguez o peticionario), a través de recurso de *certiorari*, solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 16 de marzo de 2026. Mediante dicho dictamen *post* sentencia el foro recurrido declaró *No Ha Lugar* una solicitud de nulidad de sentencia instada por el peticionario, al amparo de la Regla 49.2 de Procedimiento Civil, *infra.*

Los asuntos planteados por el peticionario carecen de mérito, en modo alguno justifican nuestra intervención con el dictamen recurrido, *Denegamos.*

## **I. Resumen del tracto procesal**

Limitándonos a resaltar solo los asuntos pertinentes a la *Resolución* recurrida, el 7 de diciembre de 2021 el señor Cruz Rodríguez presentó una

[1] Mediante Orden Administrativa DJ-2025-063B emitida el 20 de abril de 2026 se enmendó la composición de los paneles.

*Demanda* por derecho propio sobre incumplimiento de contrato, enriquecimiento injusto y cobro de dinero contra treinta y ocho demandados. El grupo de demandados incluía, entre otros, a Garaje Isla Verde LLC (GIV), Mercedes Benz USA (MBUSA), Mercedes Benz Financial Services (MBFS), múltiples empleados de GIV y abogados adversarios en un caso ante el Departamento de Asuntos del Consumidor, DACo, sobre la misma reclamación, (los recurridos). Fue alegado en la *Demanda* que, durante una inspección a su automóvil en GIV, *era posible que le hayan instalado una bomba o explosivos y que se haya alterado malignamente su mecánica.* Añadió que, a causa de que no alinearon su auto, había sufrido un accidente automovilístico, y maltratos por parte de la señora Ana Marie Troche Ruiz, Gerente de GIV, mediante varias publicaciones en una plataforma digital. Por lo cual, solicitó la resolución del contrato de financiamiento con MBFS y una indemnización de cien mil millones de dólares **($100,000,000,000.00)**.

Ante ello, el 11 de enero de 2022, el TPI le ordenó al señor Cruz Rodríguez a comparecer con representación legal en un término de treinta (30) días. Además, le apercibió que el incumplimiento con las órdenes del Tribunal conllevaría sanciones, los cuales podrían incluir la desestimación de la causa de acción.

En respuesta, los demandados presentaron en distintas fechas, de manera conjunta e individual, mociones de desestimación aduciendo que la *Demanda* no justificaba la concesión de un remedio, y el asunto estaba ante la atención del DACo.

Más adelante, mediante *Orden* del 7 de marzo de 2022, el TPI determinó imponerle al señor Cruz Rodríguez una sanción de noventa dólares ($90.00), por no cumplir con la directriz de comparecer a los procesos con representación legal.

Con todo, el 15 de marzo de 2022, el señor Cruz Rodríguez presentó un *Injunction* ante el TPI, solicitando la celebración de una vista urgente

en la que cual dilucidar la rescisión del contrato de financiamiento suscrito con MBFS, ante la posibilidad de que la *Demanda* se tornara académica. En específico, arguyó como causa para que se le concediera el remedio solicitado que "la negligencia en la que pudieron instalar una bomba en mi auto es un riesgo que debe de atenderse y evitar que la demanda se convierta en académica garantizando la seguridad".[2] Acompañó tal línea argumentativa con improperios dirigidos a la representante legal de uno de los demandados, la licenciada Raquel Quiñones Ayala.

En respuesta, el 16 de marzo de 2022, el TPI declaró *No Ha Lugar* la solicitud de *Injunction*, por lo que el caso se mantuvo por la vía ordinaria. Además, al día siguiente, el 17 de marzo de 2022, el mismo foro le impuso una sanción de doscientos cincuenta dólares ($250.00) al peticionario, por causa de las alegaciones indecorosas dirigidas a la referida letrada, que debía ser pagada dentro del término de diez (10) días.

El señor Cruz Rodríguez solicitó reconsideración a la imposición de esta última sanción el 23 de marzo de 2022, pero el foro recurrido la declaró *No Ha Lugar* el 24 de marzo de 2022.

Pasados unos días, el 4 de abril de 2022, el TPI le ordenó al señor Cruz Rodríguez que expresara causa por la cual no debía desestimar la *Demanda*, para lo cual le concedió un término de diez (10) días. Sin embargo, el señor Cruz Rodríguez no cumplió con esta *Orden*, ni pagó las sanciones impuestas.

Luego de varios trámites procesales, el 22 de abril de 2022, el TPI emitió una *Sentencia* desestimatoria de la *Demanda* instada por el aquí peticionario, contra CAB, el licenciado César Alcover, la licenciada Ericka C. Montull Novoa, Marilyn Bartolomei, Eduardo Acevedo Hernández, Carla Colón, José Raúl Lebrón, Christian Quiñones, Ángel Pérez, García Desarden, Wanda Cruz, Roger Rivera, Sonia Moreda, Blanca González,

---

[2] *Injunction*, Entrada Núm. 76 de SUMAC (TPI), pág. 1.

Elizabeth Sandoval Colón, Rosaly Pérez y Carlos Boria Rodríguez. Además, le ordenó al aquí peticionario el pago de quinientos dólares ($500.00) "en concepto de honorarios de abogado por temeridad a ser pagado a favor de todos y cada uno de los demandados, que comparecieron al pleito".[3]

En igual fecha el TPI emitió una *Sentencia Parcial* declarando *Con Lugar* la *Moción de Desestimación* presentada por los codemandados MBFS y la licenciada Leany Prieto Rodríguez. En adición, el TPI le impuso al señor Cruz Rodríguez una sanción de tres mil dólares ($3,000.00) por su temeridad y el pago de todas la costas, gastos y honorarios.

Según se recoge acertadamente en la *Resolución* recurrida, a partir de la desestimación de su causa de acción e imposición de sanciones, el peticionario ha presentado una gran cantidad de mociones ante el TPI, además de acudir a este Tribunal de Apelaciones y hasta el Tribunal Supremo, planteando los mismos argumentos, acerca de la presunta nulidad de los referidos dictámenes desestimatorios del TPI y las sanciones impuestas, todos resueltos en su contra.[4]

A pesar de ello, el 17 de febrero de 2026, el señor Cruz Rodríguez, volvió a instar una moción ante el TPI, que tituló *49.2 Nulidad*. Según lo ha hecho en las ocasiones previas, solicitó la "declaración de nulidad absoluta de todas las actuaciones judiciales en el expediente por falta de jurisdicción, ausencia de notificación válida, violaciones al debido proceso y apariencia de parcialidad"[5]. En específico, suplicó que el TPI:

---

[3] *Sentencia*, Entrada Núm 97 de SUMAC (TPI), pág. 16.

[4] Nulidad de Sentencia, 23 de septiembre de 2025 (Sumac 176); Moción de Inhibición por Encubrimiento Institucional, Violación del Deber Judicial y Compromiso de la Sana Administración de la Justicia, del 23 de septiembre de 2025 (Sumac 175); Solicitud de Vista Administrativa al Amparo de la Regla 49.2, del 23 de septiembre de 2025 (Sumac 174); Moción, del 11 de julio de 2025 (Sumac 165); Moción, del 11 de julio de 2025 (Sumac 164); Reconsideración, Réplica del Promovente Impugnación Total a la Moción de Oposición, del 11 de julio de 2025 (Sumac 163); Repudio Procesal, del 11 de julio de 2025 (Sumac 162); Moción de Recusación por Abandono de Deber Judicial, del 11 de julio de 2025 (Sumac 161)22; Solicitud de Nulidad Embargo IIegal, del 26 de diciembre de 2024 (Sumac 151); Solicitud de Nulidad de Sentencia por Fraude al Tribunal y Falsa Representación al Amparo de la Regla 49.2 (C) y (D), del 30 de agosto de 2024 (Sumac 149); Moción (sin título) del 16 de agosto de 2024 (Sumac 147); Moción (sin título) del 24 de junio de 2024 (Sumac 140)26; Solicitud de Inhibición; KLCE202200565; CC-2022-657.

[5] *49.2 Nulidad*, Entrada Núm. 184 de SUMAC (TPI), pág. 1. Recusación, del 24 de junio de 2024 (Sumac 139)27; Solicitud de Nulidad de Sentencia Final al Amparo de la Regla:

1. Declare nula ab initio la Sentencia Final (Entrada 97)
2. Declare nula ab initio la Sentencia Parcial (Entrada 99)
- Declare nulas todas las sanciones impuestas en el expediente
- Entrada 65 – $90
- Entrada 82 – $250
- Entrada 97 – $500 ¨por cada parte que compareció¨ [desproporcionada]
- Entrada 99 – $3,000
3. Declare nulos todos los embargos, ejecuciones y mandamientos
4. Declare ilegales e ineficaces las notificaciones retroactivas
5. Declare nulas todas las actuaciones emitidas sin jurisdicción
6. Declare nulas las actuaciones contaminadas por apariencia de parcialidad
7. Ordene la remoción del efecto jurídico de todos los actos anulados
8. En la alternativa, ordene la adjudicación expresa e inmediata de los planteamientos de nulidad aquí expuestos
9. Conceda cualquier otro remedio conforme a derecho

(Énfasis en el original omitido).

Visto lo anterior, el 16 de marzo de 2026, TPI emitió una fundamentada *Resolución*, declarando *No Ha Lugar* la solicitud de nulidad de sentencia. Resaltó dicho foro primario el tracto procesal ya descrito, puntualizando las veces en que el peticionario ha planteado el mismo asunto, y recalcándole que las determinaciones cuya nulidad pretende advinieron finales, firmes e inapelables.

A pesar de todo lo descrito, el 15 de abril de 2026, el señor Cruz Rodríguez vuelve ante nosotros, mediante recurso de *certiorari*, señalando la comisión de los siguientes errores:

**PRIMER ERROR:** Erró el TPI al denegar la nulidad de las sentencias y sanciones económicas (entradas de $500, $3,000, $90 y $250), al ignorar que tales actos son nulos *ab initio* por haber sido dictados sin notificación previa ni oportunidad de ser oído, sin examen de capacidad económica, sin proporción exacta, sin señalar que [*sic*] acto fue irrespetuoso si alguno, $90.00 en estatus de reconsideración sin atender, $3000.00 emitido luego de sentencia final, sin jurisdicción.

**SEGUNDO ERROR:** Erró el TPI al actuar en ausencia de jurisdicción al emitir la Sentencia parcial de $3,000.00 tras haber dictado Sentencia Final, contraviniendo la doctrina de *Municipio de San Juan v. Bosque del Río*.

**TERCER ERROR:** Erró el TPI al validar sanciones económicas sustanciales sin realizar una evaluación de la capacidad de pago del peticionario, permitiendo una confiscación opresiva prohibida por la Constitución.

---

49.2, del 24 de mayo de 2024 (Sumac 134)28; (Segunda) Reconsideración, del 12 de mayo de 2022 (Sumac 110)29; Reconsideración, del 4 de mayo de 2022 (Sumac 102)30.

**CUARTO ERROR:** Erró el TPI al sostener embargos ejecutados a espaldas del afectado, violando la norma federal de *Fuentes v. Shevin* y la Cláusula del Debido Proceso de la Decimocuarta Enmienda.

**QUINTO ERROR:** Erró el TPI al nunca atender reconsideración de sanción de $90.00 [*sic*]

En respuesta, el 17 de abril de 2026, GIV presentó una *Moción de Desestimación por Falta de Jurisdicción*, en la cual argumentó que las alegaciones del señor Cruz Rodríguez sobre la presunta nulidad de los dictámenes del TPI ya habían sido atendidas desde el 2022. GIV destacó que el señor Cruz Rodríguez llevó los mismos reclamos ante el TPI, el Tribunal de Apelaciones, el Tribunal Supremo y el DACo. También recalcó que todas las determinaciones del TPI han advenido finales, firmes e inapelables.

## II. Exposición de Derecho

a.

La jurisdicción se ha definido como el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, aun cuando ninguna de las partes invoque tal defecto. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268; *Yumac Home v. Empresas Massó*, supra, pág. 103; *Horizon Media v. Jta. Revisora, RA Holdings*, supra, pág. 234. Por lo anterior, tanto los foros de instancia como los foros apelativos tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias que le sean presentadas. *Ruiz Camilo v. Trafon Group, Inc.,* supra, pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings,* supra, págs. 233-234; *Shell v. Srio. Hacienda*, 187 DPR 109, págs. 122-123 (2012).

El Tribunal Supremo ha resaltado que evaluar los aspectos jurisdiccionales es parte de nuestro deber ministerial y debe hacerse antes

de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268*; Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). Por lo tanto, **si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo, pues no tenemos discreción para asumir jurisdicción donde no la hay**. *Mun. San Sebastián v. QMC Telecom*, supra, pág. 660*; Yumac Home v. Empresas Massó*, supra, pág. 103. (Énfasis suplido).

b.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, fue enmendada para limitar la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional del *certiorari*. Posterior a su aprobación, el texto de la referida Regla fue enmendado nuevamente por la Ley Núm. 177-2010, y dispone taxativamente los asuntos que podemos atender mediante el recurso de *certiorari*. Sin embargo, la intención de la enmienda a la Regla 52.1, *supra*, tuvo el propósito de agilizar la resolución de los pleitos dilucidándose ante los Tribunales de Primera Instancia de nuestro País y evitar dilaciones injustificadas durante la tramitación de un litigio. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 336 (2012).

Es por lo anterior que la precitada Regla no es extensiva, de suyo, a asuntos post sentencia. El único recurso disponible para revisar cualquier determinación posterior a dictarse una sentencia es el *certiorari*, pero no según se regula en la Regla 52.1 de Procedimiento Civil, *supra*, puesto ésta se refiere, como señalamos, a las decisiones interlocutorias. De imponerse las limitaciones de la Regla 52.1 a la revisión de dictámenes post sentencia, inevitablemente quedarían sin posibilidad alguna de revisión apelativa.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir a lo dispuesto por la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que delimiten nuestro análisis. *IG Builders et al. v. BBVAPR*, supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

Los criterios que el Tribunal de Apelaciones examina para ejercer la discreción sobre la expedición del *certiorari* se encuentran en la Regla 40 del Reglamento del Tribunal de Apelaciones (4 LPRA XXII-B), según enmendado por *In re: Enmienda al Reglamento del Tribunal de Apelaciones*, 2017 TSPR 135, 198 DPR ____. La referida Regla dispone lo siguiente:

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un abuso de discreción. *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Meléndez v. F.E.I.*, 135 DPR 610, 615 (1994).

c.

La Regla 83 de nuestro Reglamento, supra, establece las circunstancias en que este foro intermedio puede desestimar un recurso. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> [...]
> (B) **Una parte podrá solicitar en cualquier momento la desestimación de un recurso por** los motivos siguientes:
> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> [...]
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. [...] (Énfasis suplido).

d.

La moción de relevo de sentencia es un mecanismo *post sentencia* creado con el objetivo de impedir que sofisticaciones y tecnicismos puedan privar los fines de la justicia. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *Náter Cardona v. Ramos Muñiz*, 162 DPR 616, 624, (2004); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior*, 87 DPR 903, 905–906 (1963). No obstante, aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, porque a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. Les toca a los tribunales, pues, establecer un balance adecuado entre ambos intereses. *Piazza Vélez v. Isla del Rio, Inc.*, 158 DPR 440, 448 (2003); *Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457–458 (1974).

Para que proceda el relevo de sentencia de conformidad con la Regla 49.2 de las de Procedimiento Civil, *supra*, **es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo**. Es decir, la parte peticionaria está obligada a justificar su solicitud amparándose en una de las causales establecidas en la regla. *García Colón et al. v. Sucn. González*, supra, a la pág. 540; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). (Énfasis provisto). Además, **relevar a una parte de los efectos de una sentencia es una decisión discrecional del tribunal, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha**. *García Colón et al. v. Sucn. González*, supra; *Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 823–824 (1980); R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352. (Énfasis provisto).

La moción de relevo de sentencia debe presentarse dentro de un término razonable que no excede los seis meses establecidos en la Regla 49.2, *supra.* Sin embargo, el plazo aludido es inaplicable cuando se trata de una sentencia nula. *García Colón et al. v. Sucn. González,* supra, a la pág. 543; *Pardo Santos v. Sucn. De Jorge Stella Royo*, supra, a la pág. 824.

**III. Aplicación del Derecho a los hechos**

Basta una sola mirada al contenido del recurso de *certiorari* para percatarnos de que no acontecen ninguna de las circunstancias que justificarían nuestra intervención con el ejercicio discrecional del foro recurrido al denegar conceder el relevo de sentencia solicitado. Por una parte, las determinaciones emitidas por el TPI cuyo relevo solicitó el peticionario (Sentencias y sanciones) a través de su más reciente petición de relevo de sentencia, todas datan del 2022, sin que presenten rastro alguno de nulidad que justifique pasar por alto el término de seis meses que impone la Regla 49.2 de Procedimiento Civil, supra, para su oportuna presentación.

Por otra parte, el tracto procesal pone de manifiesto que el peticionario ha planteado una y otra vez el mismo asunto ante el TPI, además recurrido ante los foros apelativos, obteniendo consecuentes resultados adversos. Los planteamientos esgrimidos en el presente recurso de *certiorari* tampoco incluyen variación novel alguna respecto a los asuntos ya adjudicados que nos faculten o coloquen en posición de subvertir o siquiera intervenir con lo decidido.

**IV. Parte dispositiva**

Por lo expuesto, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones